Edward Gartenberg (EG-7929)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
Emails: egartenberg@gghslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                 Plaintiff,<br><br>           vs.<br><br>LIDINGO HOLDINGS, LLC,<br>KAMILLA BJORLIN,<br>ANDREW HODGE,<br>BRIAN NICHOLS, and<br>VINCENT CASSANO,<br><br>                                 Defendants. | Case No. 17-2540 |

**MEMORANDUM OF LAW OF DEFENDANTS LIDINGO HOLDINGS, LLC,
KAMILLA BJORLIN AND ANDREW HODGE IN SUPPORT OF
<u>MOTION TO DISMISS THE COMPLAINT</u>**

Defendants Lidingo Holdings, LLC ("Lidingo"), Kamilla Bjorlin ("Bjorlin") and Andrew Hodge ("Hodge") (collectively, the "Moving Defendants") by and through their undersigned attorneys, will and hereby respectfully move for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") dismissing the Complaint brought against them by Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") in the above-captioned action.

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.    THE STANDARD FOR A MOTION TO DISMISS ............................................. 2

II.   THE SEC's CLAIMS ARE TIME BARRED ....................................................... 3

    A.  THE CLAIMS AGAINST LIDINGO ARE
        TIME-BARRED UNDER NEVADA STATE LAW ...................................... 3

    B.  THE CLAIMS AGAINST BJORLIN AND
        HODGE ARE SIMILARLY TIME-BARRED ................................................ 5

III.  COUNT V FOR FRAUD IN VIOLATION OF
      SECTION 10(b) AND RULE 10b-5(b) SHOULD
      BE DISMISSED AGAINST LIDINGO AND HODGE ........................................ 6

IV.  COUNTS IV AND VI FRAUD IN VIOLATION
      OF RULE 10b-5(a) AND 10b-5(b) SHOULD BE
      DISMISSED AGAINST LIDINGO, BJORLIN AND HODGE ........................ 7

V.   THE JANUS RULE SHOULD ALSO REACH
      SECTION 17(a) CLAIMS AGAINST MOVING
      DEFENDANTS ALLEGED IN COUNT I-III ................................................... 10

VI.  THE CLAIM FOR CONTROL PERSON
      LIABILITY AGAINST BJORLIN IN COUNT XV FAILS ............................. 12

VII.  THE ALTERNATIVE CLAIM FOR LIABILITY
       AGAINST LIDINGO AND BJORLIN IN COUNT XVI
       FOR VIOLATION OF SECTION 20(b) FAILS ............................................... 12

VIII. CONCLUSION ................................................................................................... 13

TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, (2009) .................................................................................................. 2

*Birnbaum v. Newport Steel Corp.*,
  193 F.2d 461 (2d Cir. 1952) ..................................................................................... 11

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
  369 F. 3d 212 (2d Cir. 2004) ..................................................................................... 2

*Boguslavsky v. Kaplan*,
  159 F.3d 715, 720 (2d Cir. 1998) ............................................................................ 12

*Chambers v. Time Warner, Inc.*,
  282 F. 3d 147 (2d Cir. 2002) ..................................................................................... 2

*Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*,
  302 U.S. 120, 58 S. Ct. 125, 82 L. Ed. 147 (1937) ................................................... 3

*Espinoza v. Whiting*,
  8 F. Supp. 3d 1142 (E.D. Mo. 2014) ....................................................................... 13

*Frame v. City of Arlington*,
  657 F. 3d 215 (5th Cir 2011) ..................................................................................... 4

*Hooper v. Mountain States Secs. Corp*,
  282 F.2d 195, 201 n.4 (5th Cir. 1960) ..................................................................... 11

*Janus Capital Group, Inc. v. First Derivative Traders*,
  564 U.S. 135 S. Ct. 2296, 180 L. Ed. 2d 165 (2011) ................................. 2, 7, 8, 9, 10, 11, 12

*Lentell v. Marrill Lynch & Co.*,
  396 F.3d 161, 177 (2d Cir. 2005) .............................................................................. 8

*Marsh v. Rosenbloom*,
  499 F. 3d 165 (2d Cir. 2007) ................................................................................. 1, 3

*Melrose Distillers, Inc. v. United States*,
  359 U.S. 271 S. Ct. 763, 3 L. Ed. 2d 800 (1959) ...................................................... 3

## TABLE OF AUTHORITIES (Cont.)

*Monarch Funding Corp.*,
  192 F.3d 295 (2d Cir 1999) .............................................................................................. 10

*Rivera v. Peri & Sons Farms, Inc.*,
  735 F. 3d 892 (9th Cir. 2013) ............................................................................................. 4

*SEC v. Coffey*,
  493 F.2d 1304, 1318 (6th Cir. 1974) ................................................................................ 12

*SEC v. First Jersey Sec., Inc.*,
  101 F.3d 1450 (2d Cir. 1996) ........................................................................................... 10

*SEC v. Kelly*,
  817 F. Supp. 2d 340 (S.D.N.Y. 2011) .................................................................. 2, 8, 9, 10

*SEC v. KPMG LLP*,
  412 F.Supp. 2d 349 (S.D.N.Y. 2006) ................................................................................. 8

*SEC v. PIMCO Advisory Fund Mgmt. LLC*,
  341 F. Supp. 2d 454 (S.D.N.Y. 2004) ................................................................................ 8

*SEC v. Texas Gulf Sulphur Co.*,
  401 F.2d 833 (2d Cir. 1968) ............................................................................................. 11

*SEC v. Van Horn*,
  371 F.2d 181 (7th Cir. 1966) ............................................................................................ 11

*Smith v. City of Jackson*,
  544 U.S. 228 (2005) .......................................................................................................... 11

T*eamsters Local 282 Pension Trust Fund v. Angelos*,
  762 F.2d 522 (7th Cir. 1985) ............................................................................................ 11

## TABLE OF AUTHORITIES (Cont.)

**Statutes**

Code of Federal Regulation
Title 17 § 240.10b-5(a). .................................................................................................... 7
Title 17 § 240.10b-5(b) ..................................................................................................... 6
Title 17 § 240.10b-5(c). .................................................................................................... 7

Federal Rules of Civil Procedure:
§ 12(b)(1) .......................................................................................................................... 2
§ 12(b)(6) ...................................................................................................................... 1, 2
§ 17(a) ............................................................................................................................. 11
§ 17(b) .............................................................................................................................. 3

Securities Act of 1933
Section 17(a). ................................................................................................................. 11
Section 20(a) .................................................................................................................. 12

Securities Exchange Act of 1934
Rule 10b-5. ..................................................................................................................... 11
Rule 10b-5(a). .................................................................................................................. 8
Rule 10b-5(b). .................................................................................................................. 8
Rule 10b-5(c). .................................................................................................................. 8

United States Code
Title 15 § 78j(b) ............................................................................................................... 6

**INTRODUCTION**

Plaintiff alleges that during the period August 2011 through at least March 2014, Lidingo acting through Bjorlin and Hodge engaged in an effort to generate articles on investment websites that did not disclose that the writers were receiving compensation. (Complaint, ¶¶ 3 and 4). There is no allegation that the articles themselves were false or misleading except with respect to disclosure that the writers were compensated.

Lidingo was a Nevada limited liability company formed in 2011 owned and operated by Bjorlin, who was the only member or managing member of Lidingo (See Complaint ¶8). The website for the Nevada Secretary of State reflects that articles of dissolution for Lidingo were filed October 14, 2014 which date is the effective date of dissolution ("Dissolution Date").[1] (Gartenberg Decl. ¶ 2). Bjorlin and Hodges are residents of California. (See Complaint, ¶¶s 9 and 10).[2]

Pursuant to Nevada law, any action against Lidingo or its managers or members is time-barred. See NRS 86.541(1) and *Marsh v. Rosenbloom,* 499 F. 3d 165 (2d Cir. 2007) (State law limiting the time to sue a dissolved corporation was <u>not</u> preempted by CERCLA.).[3]

The simple issue in the Complaint is an alleged violation of Section 17(b) of the Securities Act of 1933 (the "Securities Act") regarding the disclosure of compensation by the writers of articles about certain issuers. The SEC has needlessly complicated this case by adding counts for primary and secondary violations of the antifraud provisions of section 10(b) or Rule

---

[1] "Articles of dissolution are effective at the time of the filing of the articles with the Secretary of State or upon a later date and time as specified in the articles. . . ." Nevada Revised Statutes ("NRS") Section 86.541(1).

[2] The other defendants are alleged to be residents of Kentucky and Washington. (Complaint, ¶¶ 10 and 11). It is not clear why the SEC chose to file this action in New York, a forum which is inconvenient to all defendants.

[3] CERCLA stands for the federal Comprehensive Environmental Response, Compensation and Liability Act.

1

10b-5 of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 17(a) of the Securities Act. In addition, to the limitations defense which would bar all claims against the moving defendants, the claims of primary violation of the anti-fraud provisions of the securities laws (Counts I-VI) are inapplicable to the Moving Defendants because the claims are all based upon alleged misrepresentations (through affirmative statements or omissions) made by others in articles posted on third party investment websites. The Moving Defendants were not "makers" of these statements and therefore cannot be liable for primary antifraud violations. See *Janus Capital Group, Inc. v. First Derivative Traders,* 564 U.S. 135, 131 S. Ct.2296, 180 L. Ed. 2d 165 (2011) (Only the "maker" of a statement can have liability for a misleading statement under Rule 10b-5(b) and *SEC v. Kelly,* 817 F. Supp. 2d 340 (S.D.N.Y. 2011) (applying *Janus* to SEC action for violations of Rule 10b-5(a) and (c) and Section 17(a) of the Securities Act of 1933).

## ARGUMENT

**I.    THE STANDARD FOR A MOTION TO DISMISS**

A defendant in an adversary proceeding may test the legal sufficiency of claims alleged by filing a motion to dismiss pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P. To survive a Rule12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts deciding motions to dismiss draw all reasonable inferences in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F. 3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153 (2d Cir. 2002).

## II. THE SEC's CLAIMS ARE TIME BARRED

### A. THE CLAIMS AGAINST LIDINGO ARE TIME-BARRED UNDER NEVADA STATE LAW

Lidingo's capacity to be sued is determined by Nevada state law. For a corporate entity, the state law under which it was organized determines the capacity of that entity to be sued. Fed. R. Civ. P. 17(b). Capacity to be sued includes questions of for how long and upon what terms such an entity continues to exist following a dissolution. *Marsh v. Rosenbloom*, 499 F.3d 165, 177 (2d Cir. 2007). The Supreme Court has held that "[h]ow long and upon what terms a state-created corporation may continue to exist is a matter exclusively of state power," with the federal government "powerless to resurrect a corporation which the state has put out of existence for all purposes." *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 127-28, 58 S. Ct. 125, 82 L. Ed. 147 (1937); *see also Melrose Distillers, Inc. v. United States*, 359 U.S. 271, 272, 79 S. Ct. 763, 3 L. Ed. 2d 800 (1959) (state law determines the question of corporate existence).

Lidingo was a Nevada limited-liability company. (See Complaint ¶8). Lidingo's capacity to be sued is therefore determined by Nevada Law. Nevada law provides for a two-year period during which a dissolved limited liability company may be sued. Any cause of action filed thereafter, or any remedy sought thereafter is barred, except that the limitations period may be extended to a third year only if the plaintiff first learns, or in the exercise of reasonable diligence should have learned of, the underlying facts in that third year. Thus, NRS 86.505(1) provides:

> The dissolution of a limited-liability company does not impair any remedy or cause of action available to or against it or its managers or members commenced, within 2 years after the effective date of the articles of dissolution, with respect to

3

any remedy or cause of action as to which, the plaintiff learns, or in the exercise of reasonable diligence should have learned of, the underlying facts on or before the date of dissolution of a limited-liability company or within 3 years after the date of dissolution with respect to any other remedy or cause of action. Any such remedy or cause of action not commenced within the applicable period is barred.

Lidingo was dissolved on October 14, 2014. The Complaint was filed on April 10, 2017, (Docket ¶1), more than two years after Lidingo was dissolved.   Where a statute of limitation defense appears from the face of the complaint, it may be raised on a motion to dismiss. *Rivera v. Peri & Sons Farms, Inc.*, 735 F. 3d 892, 902 (9th Cir. 2013), holding:

> When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss. *See Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128-29 (9th Cir. 1999) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1357 (3d ed. 1998) "A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6) . . . .")). In this case, the statute of limitations issues are apparent on the face of the complaint. The district court, therefore, was correct to address them.

See also, *Frame v. City of Arlington,* 657 F. 3d 215, 240 (5th Cir. 2011) ("To be sure, a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the

4

plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.").[4]

Accordingly, all claims brought against Lidingo are time barred and should be dismissed.

### B. THE CLAIMS AGAINST BJORLIN AND HODGE ARE SIMILARLY TIME-BARRED

The Complaint against Bjorlin and Hodge is based upon their alleged conduct in acting through Lidingo.[5] Thus, the alleged wrongful conduct of these defendants was done in their capacity respectively as a member of Lidingo (Bjorlin) or as an employee (Hodge) of Lidingo. Section NRS 86.505(1) by its terms applies to the dissolved limited liability company and its members and managers.

The Complaint acknowledges that Lidingo was owned and operated by Bjorlin who was the sole member or the managing member of Lidingo. (Complaint ¶8). It further alleges that Bjorlin organized and operated Lidingo from no later than September 2011 through at least 2014. (Complaint ¶9). Accordingly, applying NRS Section 86.505(1) to Bjorlin as a member and a manager of Lidingo, all the claims brought against her by the SEC are also time barred and should be dismissed.

---

[4] The Plaintiff will not be able to plead around the limitations period by asserting delayed discovery during the third year prior to filing the Complaint. Public reports discussed the matters at issue more than three years before the filing of the Complaint. (Gartenberg Decl. ¶ 3.) In addition, a class action suit was filed more than three years before the filing of the Complaint in which the essentially same conduct was alleged against Lidingo and Bjorlin, among others, with respect to Galena Biopharma, Inc., one of the issuers identified in the Complaint. (Gartenberg Decl. ¶ 4.) Moreover, the SEC investigation which is referenced at paragraphs 9, 10 and 14 of the Complaint was ongoing more than three years prior to the filing of the Complaint. (Gartenberg Decl. ¶ 5.)

[5] See Complaint ¶4 (Lidingo was the stock promotion firm at the center of this scheme. The company, acting though Bjorlin and Hodge [and others] engaged in a concerted effort to generate article on investment websites about publicly-traded issuer clients that appeared to be objective and independent, when in fact, they were simply paid promotions.")

With respect to Hodge, the Complaint alleges that he was employed by Lidingo and in essence assisted Bjorlin in day-to-day operations of Lidingo. Hodge is alleged to have recruited, invoiced and communicated with issuer clients on behalf of Lidingo. (Complaint ¶ ¶ 10, 47, 52). Hodge acted as a member of Lidingo and is also subject to NRS Section 86.505(1).  Like, Bjorlin, his alleged liability is derivative of that of Lidingo.  If liability against the company and its member(s) and manager(s) is time barred, it would be inconsistent to permit liability to extend to that of an employee acting in his capacity as an employee to be permitted beyond the same limitations periods.

Accordingly, the claim asserted against Bjorlin and Hodge as they are solely derivative of the claims against Lidingo, are also time barred.

## III. COUNT V FOR FRAUD IN VIOLATION OF SECTION 10(b) AND RULE 10b-5(b) SHOULD BE DISMISSED AGAINST LIDINGO AND HODGE

Count V alleges a violation of Rule 10b-5(b) by Lidingo, Hodge and others.  Rule 10b-5(b) promulgated pursuant to Section 10(b) of the Securities Exchange Act (the, "Exchange Act") 15 U.S.C. § 78j(b), makes it unlawful for "any person, directly or indirectly, . . . [t]o **make** any untrue statement of a material fact" in connection with the purchase or sale of securities. 17 C.F.R. § 240.10b-5(b) (emphasis added). The Supreme Court in *Janus, supra,* held that, "For purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it. . . . One who prepares or publishes a statement on behalf of another is not its maker." *Janus, supra,* 564 U.S. at 142, 131 S. Ct. at 2302.

The Complaint is based upon the central allegation that articles <u>written by persons other than the Moving Defendants</u> misrepresented, directly or by omission, that the authors of those articles were being compensated.  Thus, the Moving Defendants are <u>not</u> alleged to be "makers"

6

of the statements at issue. The Plaintiff implicitly acknowledges this with respect to Bjorlin as she is not named as a defendant in Count V. Nowhere in the Complaint is there any allegation that Hodge wrote any of the articles. In fact, the Complaint states that Hodge, recruited writers and provided them with assignments. While the Complaint, refers to "Lidingo articles," a close reading of the Complaint indicates that this is simply a conclusory characterization offered by the SEC with respect to articles prepared by various writers such as Defendants Brian Nichols ("Nichols" and Vincent Cassano ("Cassano"). The writers are not alleged to have been Lidingo employees. Nor does the Complaint allege that any of the articles appeared under the name "Lidingo."[6] The Complaint alleges that the articles appeared on investment websites of third parties. (e.g., Complaint, ¶ 55).

Applying *Janus* to the facts here, it is evident that Lidingo and Hodge are not the makers of the articles as they were written by others. Lidingo and Hodge dot not become the "makers" of the statements simply by looking over or commenting on previously written articles. Accordingly, Count V for fraud in violation of Section 10(b) and Rule 10b-5(b) should be dismissed against Lidingo and Hodge.

**IV.    COUNTS IV AND VI FRAUD IN VIOLATION OF RULE 10b-5(a) AND 10b-5(b) SHOULD BE DISMISSED AGAINST LIDINGO, BJORLIN AND HODGE**

Subsections (a) and (c) of Rule 10b-5 address scheme liability. These subsections make it "unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To

---

[6] The Appendix to the Complaint identifies Lidingo was the "Writer/Publisher" of some of the articles, however none of the articles referenced therein identify Lidingo as the name given as the author (identified in the Appendix under the column "Pseudonym.")  Janus, supra specifically holds that status as a "publisher" does not meet the requirements for being a "maker" of the representation.

employ any device, scheme, or artifice to defraud, [or]…(c) To engage in any act, practice, or course of business which operates or would operate as fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5(a), (c).

Whatever label the Plaintiff puts upon the alleged wrongful activity here, it is based upon purported false and misleading statements concerning whether or not the writers of the articles disclosed compensation.  Scheme liability cannot be premised on allegedly false or misleading statements because those claims would vitiate the distinction between primary and secondary misstatement liability.  See *Janus, supra,* 564 U.S. 135, 131 S. Ct. 2296 at 2304.  See also *Lentell v. Marrill Lynch & Co.,* 396 F.3d 161, 177 (2d Cir. 2005) (rejecting scheme liability for market manipulation where "the sole basis for such claims is alleged misrepresentations or omissions); *SEC v. PIMCO Advisory Fund Mgmt. LLC,* 341 F. Supp. 2d 454, 467 (S.D.N.Y. 2004) (no primary liability under section 10(b) where defendant did not make false or misleading statement);  *SEC v. KPMG LLP,* 412 F.Supp. 2d 349, 377 (S.D.N.Y. 2006) (No liability under Rule 10b-5(a) or (c) where, "The SEC does not posit how, in any concrete manner, the misstatements it alleges could be construed as a device or scheme.").

In *SEC v. Kelly*, 817 F. Supp.2d 340 (S.D.N.Y. 2011), this Honorable Court explained that the SEC cannot avoid the limitations imposed in *Janus* by alleging scheme liability under subsection (a) and (c) or Rule 10b-5. In *Kelly*, the SEC alleged that two officers of America Online, Inc. caused the Company to report artificially inflated revenues in SEC filings by engaging in "round-trip" transactions where advertisers paid AOL inflated prices for advertising in return for offsetting transactions.  On a motion for judgment on the pleadings, the SEC conceded that *Janus* foreclosed any claim under Rule 10b-5(b), but argued that *Janus* did not impact the claims of scheme liability under Rule 10b-5(a) and (c). The Court in *Kelly* further

8

explained that the SEC's proposed interpretation would create an impermissible end-run around *Janus*. The Court held:

> The Supreme Court in *Janus* did not address "scheme liability" under subsections (a) and (c) of Rule 10b-5. Nonetheless, where the primary purpose and effect of a purported scheme is to make a public misrepresentation or omission, courts have routinely rejected the SEC's attempt to bypass the elements necessary to impose "misstatement" liability under subsection (b) by labeling the alleged misconduct a "scheme" rather than a "misstatement." See, e.g., SEC v. Lucent Techs., 610 F. Supp. 2d 342, 359-61 (D.N.J. 2009); *Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 177 (2d Cir. 2005); SEC v. KPMG LLP, 412 F. Supp. 2d 349, 377-78 (S.D.N.Y. 2006); *SEC v. PIMCO Advisors Fund Mgmt. LLC,* 341 F. Supp. 2d 454, 467 (S.D.N.Y. 2004). Courts have not allowed subsections (a) and (c) of Rule 10b-5 to be used as a "back door into liability for those who help others make a false statement or omission in violation of subsection (b) of Rule 10b-5." *In re Parmalat Sec. Litig.*, 376 F. Supp. 2d 472, 503 (S.D.N.Y. 2005). As this Court explained in PIMCO, to permit scheme liability "to attach to individuals who did no more than facilitate preparation of material misrepresentations or omissions actually communicated by others . . . would swallow" the bright-line test between primary and secondary liability. 341 F. Supp. 2d at 467.

*Kelly, supra* at 343 (emphasis in the original).

Thus, where the SEC is attempting to impose primary liability under subsections (a) and (c) of Rule 10b-5 for a scheme based upon an alleged false statement, permitting primary scheme liability when the defendants did not 'make' the misstatement would render the rule announced in *Janus* meaningless. It would allow the SEC to allege that the conduct *Janus* held insufficient

9

to establish primary liability under subsection (b) of Rule 10b-5 is scheme-related conduct that supports primary liability under subsections (a) and (c), notwithstanding that the alleged misstatements represent the basis of that claim. (*Id.*)

As discussed above, Moving Defendants do not meet the requirements for being "makers" of the articles. The writers themselves were the makers of the articles, just like the author of a book is the maker of the statements in that book. The SEC alleges that the writers failed to disclose compensation. Applying *Janus* to the facts here, only the writers can be liable and use of "scheme" liability is improper and over pled.

V.   **THE *JANUS* RULE SHOULD ALSO REACH SECTION 17(a) CLAIMS AGAINST MOVING DEFENDANTS ALLEGED IN COUNT I-III[7]**

Section 17(a) provides,

It shall be unlawful for any person in the offer or sale of any securities or any security-based swap agreement…

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statements of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

In *Kelly, supra,* this Court recognized, the elements of a claim under Section 17(a) "are 'essentially the same' as the elements of a claim under Section 10(b) and Rule 10b-5." *Kelly, supra,* 765 F. Supp. 2d at 319 (quoting *Monarch Funding Corp.*, 192 F.3d at 308 (2d Cir 1999)); see also *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1467 (2d Cir. 1996) (holding that, apart

---

[7] There is no allegation of liability alleged in Count II for violation of Section 17(a)(2) against Bjorlin. As with respect to the claim in Count V for liability for violation of Rule 10b-5(b), the SEC implicitly has recognized that this claim cannot be brought against Bjorlin since she was not the maker of any of the articles.

from scienter distinctions, "essentially the same elements must be established" under Section 17(a) and Rule 10b-5).

Numerous courts have confirmed, where a Rule 10b-5 action is available, there is no reason to think that a § 17(a) action would have different elements," T*eamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 531 (7th Cir. 1985). Moreover, it is well accepted that Section 17(a) was the model for Rule 10b-5, which was drafted to close a loophole in the 1933 Securities Act. *See SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 855 (2d Cir. 1968) (citing *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461,463 (2d Cir. 1952); *Hooper v. Mountain States Secs. Corp*, 282 F.2d 195, 201 n.4 (5th Cir. 1960); and *SEC v. Van Horn*, 371 F.2d 181, 184-86 (7th Cir. 1966)).  See also *Smith v. City of Jackson,* 544 U.S. 228, 233 (2005)("[W]hen Congress uses the same language in two statutes having similar purposes, particularly when one is enacted shortly after the other, it is appropriate to presume that Congress intended that text to have the same meaning in both statutes.")

Accordingly, even though the Supreme Court did not explicitly address in *Janus*, the test for primary liability under Rule 10b-5 applies with equal force to an analysis of primary liability under Section 17(a).

As discussed, Moving Defendants are not liable under Rule 10b-5 because they are not the "makers" of the statements at issue. Because claims under Section 17(a) are treated similarly, it would be inconsistent for *Janus* to require that a defendant be liable under Rule 10b-5 but not liable under Section 17(a). To the degree that the SEC seeks to hold Moving Defendants liable for statements "made" by others, the SEC runs afoul of the holding in *Janus*. As such, all claims against Moving Defendants under Section 17(a) should be dismissed.

## VI. THE CLAIM FOR CONTROL PERSON LIABILITY AGAINST BJORLIN IN COUNT XV FAILS

Count XV alleges control person liability pursuant to Section 20(a) against Bjorlin based upon the assertions that she controlled Lidingo and that Lidingo violated Section 10(b) and Rule 10b-5 thereunder.[8] To establish liability under section 20(a), among other things, there must be a primary violation by the controlled person. *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998). Since, as described above, Lidingo cannot be liable for the underlying claims, Bjorlin cannot be liable as a control person.

## VII. THE ALTERNATIVE CLAIM FOR LIABILITY AGAINST LIDINGO AND BJORLIN IN COUNT XVI FOR VIOLATION OF SECTION 20(b) FAILS

In an apparent effort to do an "end run" around the holding *Janus,* the SEC has added what it characterizes as a claim "in the alternative" against Lidingo and Bjorlin in Count XVI pursuant to Section 20(b) of the Exchange Act.

The courts are split on whether Section 20(a), which governs control person liability, is available for SEC enforcement proceedings. The Sixth Circuit held that the SEC cannot use Section 20(a), but instead must use Section 20(b) for control person liability. *Coffey, supra,* 493 F.2d at 1310. The Sixth Circuit seemingly read Section 20(a) and 20(b) two provisions as imposing the same kind of liability, each to be used in a different type of action: Section 20(a) is to be used in private actions and Section 20(b) in enforcement actions. If section 20(b) is interpreted as being the version of Section 20(a) for the SEC to use, Lidingo cannot have liability as both the controlled and controlling "person."  As to Bjorlin, liability under Section 20(b)

---

[8] Although the Second Circuit has upheld the SEC's authority to rely upon section 20(a) in *SEC v. First Jersey Sec., 101* F.3d 1450 (2d Cir. 1996), *cert. den.* 522 U.S. 812 (1997), the Sixth Circuit indicated that the SEC cannot use Section 20(a), but instead must use Section 20(b) for control person liability. *SEC v. Coffey*, 493 F.2d 1304, 1318 (6th Cir. 1974), *cert. denied,* 420 U.S. 908, 42 L. Ed. 2d 837, 95 S. Ct. 826 (1975) (citing §20(b) as the statutory authority for the SEC for an injunction against an individual), *SEC v. Savoy*, 587 F.2d 1149, 1170 (D.C. Cir. 1978) (interpreting the Sixth Circuit's ruling in *Coffey*); *SEC v. Savoy*, 587 F.2d 1149, 1170 (D.C. Cir. 1978) (interpreting the Sixth Circuit's ruling in *Coffey*).

12

should require that the controlled person have liability.  See *Espinoza v. Whiting*, 8 F. Supp. 3d 1142, 1157 (E.D. Mo. 2014)  ("Having determined that the plaintiffs have not pleaded scienter sufficiently to maintain their primary claim, the Court must also dismiss their Section 20(a) and Section 20(b) claims. . . which are predicated in part on a Section 10(b) claim.");  *Shemian v. Research in Motion, Ltd.,* No. 11 Civ. 4068 (RJS), 2013 U.S. Dist. LEXIS 49699, *72 (S.D.N.Y. Mar. 29, 2013), *aff'd*, 570 F. App'x. 32 (2d Cir. 2014) ("In order to establish a *prima facie* case of liability under Section 20(a) and (b), a plaintiff must show a primary violation of securities law by a controlled person."). For the reasons argued earlier, Lidingo does not.

## VIII.  CONCLUSION

For the foregoing reasons, the Complaint should be dismissed against the Moving Defendants.

Dated:  June 19, 2017

Respectfully submitted,

/s/ Edward Gartenberg
Edward Gartenberg  (EG-7929)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
Emails: egartenberg@gghslaw.com

*Attorneys for Defendants Liding Holdings, LLC, Kamilla Bjorlin and Andrew Hodge*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a copy of Defendants, Lidingo Holdings, LLC, Kamilla Bjorlin and Andrew Hodge MEMORANDUM OF LAW OF DEFENDANTS LIDINGO HOLDINGS, LLC, KAMILLA BJORLIN AND ANDREW HODGE IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT was served via the Court's ECF system on June 19, 2017 to the following:

| Patrick Reinhold Costello<br>U.S. Securities and Exchange Commission<br>100 F Street N.E.<br>Washington, DC 20549<br>(202)-551-3982<br>Email: costellop@sec.gov<br><br>Attorney for Plaintiff | Derek Sterling Bentsen<br>U.S. Securities and Exchange Commission<br>100 F Street, N.E.<br>Mail Stop 5985<br>Washington, DC 20549<br>(202)-551-6426<br>Email: bentsend@sec.gov<br><br>Attorney for Plaintiff |
|---|---|

       /s/Edward Gartenberg
Edward Gartenberg
Attorneys for Defendants
Liding Holdings, LLC,
Kamilla Bjorlin and Andrew Hodge