Case 1:17-cv-02540-CM   Document 31   Filed 07/11/17   Page 1 of 3

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/17
```



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET N.E.
WASHINGTON, DC 20549-5985

**DIVISION OF ENFORCEMENT**

# MEMO ENDORSED

Patrick R. Costello
Assistant Chief Litigation Counsel
Direct Dial 202 551.3982
E-Mail: costellop@sec.gov

July 11, 2017

7/13/2017
I agree with Defendant
re finding
CM

**BY CM-ECF**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

Re:  *Securities and Exchange Commission v. Lidingo Holdings, LLC et al.*,
     17-CV-2540 (CM) (GWG)

Dear Judge McMahon:

On behalf of all parties to this litigation, and pursuant to Section IV.1 of this Court's Individual Practices and Procedures, I write to respectfully request entry of an Order protecting sensitive personal information in documents and other materials that the parties intend to produce in the course of discovery, including in initial disclosures, which are due July 17, 2017.

The parties have agreed to the language of a proposed Order with one exception which the parties would like the Court to resolve. Specifically, in Paragraph 6 of the proposed Order, the SEC proposes that, notwithstanding other provisions of the Order, the SEC shall be able to make Routine Uses of all covered sensitive personal information ("SPI") as set forth in SEC Forms 1661 and 1662. Defendants Lidingo Holdings LLC, Kamilla Bjorlin and Andrew Hodge (collectively, the "Lidingo Defendants") agree the SEC should be able to make Routine Uses of SPI received in the *investigation*. They also agree the SEC should be able to make Routine Uses Nos. 1 to 11 and 13 to 22 of SPI received in the *litigation*; but, if the SEC wishes to make SPI that was received in the *litigation* available to third parties pursuant to Routine Use No. 12, the Lidingo Defendants propose that the SEC ought to have the third party sign the Declaration of Confidentiality attached to the proposed Order. With the exception of Paragraph 6, all parties are otherwise in agreement on all other paragraphs of the proposed Order. The referenced proposed Order with two versions of Paragraph 6 is attached as Exhibit A, and we also have submitted the same to the Orders and Judgments Clerk pursuant to the Electronic Case Filing Rules and Instructions.

Copies mailed/faxed/handed to counsel on 7/13/17

By way of background, SEC Forms 1661 and 1662 delineate the limited circumstances under which the SEC would disclose documents and other materials in its possession, including SPI, to third parties. Those circumstances are set forth in Section G of Form 1661 and Section H of Form 1662, which are attached as composite Exhibit B for the Court's reference. Routine Use No. 12 states, in pertinent part, that the SEC may provide the information, "[t]o any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry." Exhibit B, Form 1661 Section G.12, Form 1662 Section H.12.

SEC Position: The SEC should be allowed to make Routine Uses of all SPI. Drawing a line between SPI received in the *investigation* and SPI received in the *litigation* is not only arbitrary but would hamper the SEC's ability to perform its Congressionally-granted obligation to enforce the federal securities laws and protect the integrity of the nation's capital markets. 15 U.S.C. § 78u(a); *see also SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 741 (1984); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376-77 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). For example, if documents received in this *litigation* suggest a defendant or other person whose information is reflected in the documents was engaged in other fraudulent ventures, the SEC needs to be able to open a new investigation and share such documents with the investigative team, as permitted by Routine Use No. 4, and that team needs to have the ability to show the document to witnesses, as permitted by Routine Use No. 12. Under the Lidingo Defendants' proposal, SPI received during the *investigation* could be shared with a witness in a different SEC investigation in accordance with Routine Use No. 12, but SPI received during the *litigation* could not, unless the witness signs the proposed Order's Declaration of Confidentiality in this case. There is simply no need to bind a third party who has nothing to do with this litigation, to an Order in this litigation, because there is no real likelihood that any SPI from *this litigation* will make its way into the public realm, through a different investigation or litigation. SEC investigations are non-public. 17 C.F.R. § 203.5. Section 24(c) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 24c-1 thereunder contemplate non-public information may be physically provided to eight categories of persons and entities – typically, other government and law enforcement agencies. 15 U.S.C. § 78x(c) and 17 C.F.R. 240.24c-1. Routine Use No. 12 is broader than Exchange Act Section 24(c), but, for that reason, the SEC does not allow witnesses to keep copies of any documents they are shown in an investigation. Further, witnesses cannot subsequently obtain or review documents that were produced by others. *See* SEC Enforcement Manual, dated October 28, 2016 (Section 3.3.5), attached in excerpted form as Exhibit C. The general rule, thus, is one of privacy. And, if SPI from this litigation is provided to another investigative team, and the investigation turns into a litigation, then the parties in that litigation can move for a protective order.

Lidingo Defendants' Position: The proposed Protective Order seeks Declarations of Confidentiality from certain categories of persons to whom any Party wishes to give SPI. *See* Proposed Order ¶¶ 4.d.iii., v. The SEC has sought and the Lidingo Defendants do not object to the availability of Routine Uses 1 through 11 and 13 through 22. However, the terms of Routine Use No. 12 as requested by the SEC are so broad as to effectively allow the SEC to disclose with impunity highly sensitive information acquired during *litigation* without the protections of the Protective Order otherwise agreed to by the Parties. Given the sensitive nature of this information, the general agreement by the parties to the reasonableness of Declarations of

2

Confidentiality as a means to otherwise protect SPI, and the availability of 21 Routine Uses for the disclosure of SPI by the SEC without the requirement of a Declaration of Confidentiality, the Lidingo Defendants do not see reason to waive the reasonable requirements of the Protective Order as proposed in such an open-ended manner.

Other Defendants: Defendants Cassano and Nichols have no objections to the SEC's proposed Order.

*********

In summary, the parties respectfully ask the Court to enter the proposed Protective Order, after resolving the disagreement between the SEC and Defendants Lidingo, Bjorlin, and Hodge, concerning Paragraph 6 with respect to SPI produced in the *litigation*.

The parties thank the Court for its attention to this matter, the outcome of which could affect the parties' initial production of documents on July 17, 2017, and are prepared to answer any questions the Court may have arising from this request.

Respectfully submitted,

Patrick R. Costello

cc:   Edward Gartenberg, Esq.
      Philip D. Bartlett, Esq.
      Vincent Cassano, *pro se*

      (by CM-ECF and electronic mail)